UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON, | No. 2:24-cv-00756 DJC AC |
| Plaintiff, | |
| v. | ORDER and |
| NADEEM AKHTAR ANJUM and SHAZIA ANJUM, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

This matter is before the court on plaintiff's motion for default judgment. ECF No. 8. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). For the reasons set forth below, the undersigned recommends plaintiff's motion be DENIED. The court also ORDERS defendant Shazia Anjum to enter an appearance in this case by January 31, 2025.

I.   Background

Plaintiff's complaint was filed on March 12, 2024. ECF No. 1. In the complaint, plaintiff David Robinson filed alleges defendant Nadeem Akhtar Anjum and defendant Shazia Anjum (collectively "defendants"), are the owners of the real property located at 720 Florida Street in Vallejo, California ("Property") where the business Solano Tires and Wheels operates ("Business" or "Solano Tires and Wheels"), and that defendants violated the Americans with Disabilities Act and the Unruh Civil Rights Act by failing to ensure that there was full and equal

1

access at the property. Id.  A notice of summons returned executed for each defendant was filed on March 29, 2024.  ECF Nos. 4, 5.

On April 23, 2024, plaintiff requested the Clerk's entry of default against defendants.  ECF No. 6.  The Clerk entered default on April 24, 2024.  ECF No. 7.  Plaintiff moved for default judgment on September 10, 2024.  ECF No. 8.  The motion was initially set for hearing on October 16, 2024.  Id.  The court vacated the hearing ordered the motion to be heard on the papers.  ECF No. 9.  On December 16, 2024, defendant Nadeem Akhtar Anjum appeared in pro se and filed an Answer.  ECF No. 10.  The Answer reads in its entirety, "All repairs to driveway is done and pictures are provided.  We as small business owner are struggling financialy [sic] so please have mercy on us."  ECF No. 10 at 1.  Photos are attached.  ECF No. 10 at 2-6.  Plaintiff did not acknowledge the Answer or make any responsive filings.

## II.     Analysis

Default judgment is not appropriate in this case, where at least one defendant[1] has appeared and indicated that he wishes to defend or settle this lawsuit on the merits.  "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[1] The court notes that only one defendant signed the Answer, even though the property at issue is allegedly co-owned; defendant Nadeem appears to be attempting to answer on behalf of both defendants.  As a pro se defendant, Nadeem Akhtar Anjum cannot represent co-defendant Shazia Anjum.  C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987).  Accordingly, Shazia Anjum will be ordered to appear and join Nadeem Anjum's answer, or plaintiff may move for default judgment against her by subsequent motion.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

The court finds that the balance of the Eitel factors disfavors entry of default judgment at this time.  As to the first factor of prejudice to plaintiff, plaintiff argues in his motion that he "suffered disability discrimination due to Defendants' failure to address architectural barriers to accessibility at the Property.  Defendants failed to appear and defend these claims, and Plaintiff is without recourse unless the Court issues a judgment requiring Defendants modify the property to cease the discriminatory conduct."  ECF No. 8-1 at 7-8.  Defendant's recent filing indicates that the property has, in fact, been modified and that defendants are interested in resolving this case.  ECF No. 10.  A defendant has appeared in this case, and it appears to the court that there is a potential path to resolution other than default judgment.  Further, plaintiff did not acknowledge or respond to the Answer, which was filed more than sixty days ago, on the date the motion for default judgment came ripe for decision.  This indicates a lack of urgency on the part of plaintiff, and the court concludes that plaintiff will not be prejudiced by any delay in this case caused by denial of default judgment at this juncture.

Additionally, the sum of money at stake favors denial of default judgment.  Plaintiff seeks a total award of $13,180.50, a substantial sum for the defendants, particularly where Mr. Anjum has appeared in pro se and made the court and plaintiff aware of his financial challenges.  ECF No. 8 at 2.  Finally, where defendant has appeared and made some argument as to the merits of plaintiff's claims, the seventh Eitel factor is dispositive.  In light of "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," entry of default judgment should be denied.

III.   Conclusion

For the reasons set forth above, it is ORDERED that defendant Shazia Anjum file an appearance in this case no later than January 31, 2025.  Each defendant appearing in pro se must sign all filings; one defendant cannot speak on behalf of the other.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (ECF No. 8) be DENIED.

1     These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 30, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE