UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NADEEM AKHTAR ANJUM and<br>SHAZIA ANJUM,<br><br>    Defendants. | No.  2:24-cv-0756 DJC AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff David Robinson filed this lawsuit against defendants Nadeem Akhtar Anjum and Defendant Shazia Anjum (collectively "defendants"), the owners of the real property located at 720 Florida Street in Vallejo, California ("Property") where the business Solano Tires and Wheels operates ("Business" or "Solano Tires and Wheels"), for violating the Americans with Disabilities Act and the Unruh Civil Rights Act.[1]  Plaintiff filed suit on March 12, 2024.  ECF No. 1.  After initially failing to appear, defendants appeared and stated their intent to defend after plaintiff moved for default judgment, and default judgment was accordingly denied.  ECF Nos. 11, 14.  A schedule was set for the case.  ECF No. 18.

On February 19, 2026, plaintiff filed a motion for summary judgment to be heard on the

_____

[1] Plaintiff is represented by counsel, and both defendants are proceeding in pro se.  Pretrial matters are accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).

1

papers on April 1, 2026.  ECF Nos. 21, 22.  Pursuant to Local Rule 230(c), defendants were required to file an opposition or notice of non-opposition within 14 days of the motion being filed.  In this case, the deadline was March 5, 2026.  Defendants did not file an opposition or statement of non-opposition.  The undersigned issued an Order to Show Cause on March 11, 2026, ordering defendants to oppose the motion or state in writing why their failure to respond should not be construed as a statement of non-opposition.  ECF No. 23.  Defendants did not respond.  The undersigned proceeds to address the motion for summary judgment on the merits, without the benefit of defendants' position.

## I.    Standard for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.  In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248. In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Service, Inc., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

## II.    Statement of Undisputed Facts

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon a full review of the record, to be undisputed by competent evidence.  Plaintiff's statement of undisputed facts ("UF") is located at ECF No. 21-2.

David Robinson is a paraplegic as a result of a spinal cord injury sustained in a motorcycle accident.  UF at 1.  As a result of his spinal cord injury, plaintiff requires a wheelchair for mobility.  UF at 2.  Plaintiff's symptoms substantially limit his major life activities, including walking.  UF at 3.  Plaintiff has been issued a valid disabled person parking placard by the California Department of Motor Vehicles.  UF at 4.  Plaintiff is disabled within the meaning of the Americans with Disabilities Act.  UF at 5.

Plaintiff resides in Vallejo, California, not far from defendants' business, Solano Tires and Wheels.  UF at 6.  Defendants Nadeem Akhtar Anjum and Shazia Anjum own the property upon which the business Solano Tires and Wheels, a retail establishment that sells and services tires and wheels, operates.  UF at 7-8.  Solano Tires and Wheels is a place of public accommodation engaged in retail sales.  UF at 9.  The property and Solano Tires and Wheels are open to the public.  UF at 10.

Plaintiff visited Solano Tires and Wheels on January 26, 2024, to inquire about a repair for scratched wheels.  UF at 11.  Upon arrival at Solano Tires and Wheels on January 26, 2024, plaintiff could not find any accessible parking spaces.  UF at 12.  Although the property provides parking spaces to customers, it provided no designated disabled-access parking spaces.  UF at 13.  The lack of accessible parking meant there was no parking that plaintiff could safely and confidently use, preventing him from accessing the store.  UF at 14.  The absence of accessible parking caused plaintiff distress, discomfort, frustration, and annoyance.  UF at 15.  Between January 26, 2024, and March 12, 2024, plaintiff considered returning to Solano Tires and Wheels but decided against it due to barriers and lack of accessible parking.  UF at 16.  Plaintiff would like to return to Solano Tires and Wheels in the future because of its convenient location for tire and wheel repair and purchase.  UF at 17.

4

### III.    Analysis

Plaintiff asserts that defendants violated Title III of the Americans with Disabilities Act by failing to remove architectural barriers and by failing to maintain accessible features, because the business lacked an accessible parking space.  ECF No. 21-1 at 4-6. Plaintiff contends that because defendants violated the ADA, they also violated California's Unruh Civil Rights Act.  Id. at 6. Plaintiff moves for summary judgment on both counts.

A.    ADA Claim

"Title III of the ADA prohibits discrimination in public accommodations...."  Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015).  The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability.  42 U.S.C. § 12182(a); Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010).  Discrimination, in this context, includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff alleges discrimination in violation of the ADA resulting from defendants' failure to provide adequate accessible parking spaces.  First, defendants failed to remove architectural barriers where such removal was readily achievable, in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).  Second, even if some accessible features once existed, defendants failed to maintain accessible features in working condition.  ECF No. 21-1 at 5-6.  The facts alleged in plaintiff's complaint adequately detail the claimed violations to support plaintiff's ADA claim, and defendants have identified no disputed issue of fact.  ECF No. 1.  The court agrees that removal of the barriers present at the Property and identified by plaintiff is readily achievable. Defendants can designate and stripe accessible parking spaces at minimal cost.  Id. § 36.304(b)(18).  This is a standard, low-cost accommodation and is considered a high priority under the ADA regulations.  Id. § 36.304(c)(1); see also Acosta v. All Am. Glass, Inc., No. 1:25-cv-00240-JLT-SAB, 2025 U.S. Dist. LEXIS 146368 (E.D. Cal. July 30, 2025) (finding that the

listed items in section 36.304(b) are examples of readily achievable steps to remove barriers). Defendants have not demonstrated that the necessary modifications would impose undue financial or operational burden.  Plaintiff is accordingly entitled to summary judgment on this claim.

B.  The Unruh Act

Under California's Unruh Act, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990...shall also constitute a violation of this section." Cal. Civ. Code § 51(f).  In addition, the Unruh Act independently prohibits discrimination, if it is done in contravention of Section 51.  Cal. Civ. Code § 52(a).  Section 52(a) provides for statutory damages of no less than $4,000 for each violation, and attorney's fees.  Id.  Because plaintiff has shown that defendants were in violation of Title III of the ADA for the failure to provide accessible parking, he has shown that defendants are in violation of the Unruh Civil Rights Act. Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("a violation of the ADA is, per se, a violation of the Unruh Act").  Plaintiff is entitled to summary judgment on this claim.

Here, plaintiff is entitled to statutory damages in the amount of $4,000 for the encounter on January 26, 2024, when he visited the Property and encountered the barriers.  Additionally, plaintiff is entitled to $4,000 for deterrence, the occasion when plaintiff considered returning but was deterred by the barriers.  See generally Johnson v. Guedoir, 218 F. Supp. 3d 1096, 1103 (E.D. Cal. 2016) (awarding $8,000 under the Unruh Civil Rights Act for one encounter and one deterrence).

## IV.   Conclusion

The undisputed material facts establish that: (1) plaintiff is disabled within the meaning of the ADA; (2) defendants own a public accommodation and business establishment; (3) defendants failed to remove architectural barriers in violation of the ADA; (4) plaintiff personally encountered accessibility barriers at the Property that denied plaintiff full and equal access to the Property and the business; and (5) plaintiff has suffered damages.  For these reasons, it is hereby RECOMMENDED THAT:

1.  Plaintiff's motion for summary judgment (ECF No. 21) be GRANTED;

2. Plaintiff be awarded $8,000 in statutory damages; and

3. Defendants be ordered to provide accessible parking at the Property in compliance with the 2010 ADA Standards for Accessible Design and California Building Code within six months of the entry of judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: April 7, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7