UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br>Plaintiff,<br>v.<br>NADEEM AKHTAR ANJUM and SHAZIA ANJUM,<br>Defendants. | No. 2:24-cv-0756 DJC AC<br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff's motion for attorney's fees and costs. ECF No. 27. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(21), because both defendants appeared in this case in pro se. ECF Nos. 11, 14. The matter was set to be heard on the papers. ECF No. 28. Defendants did not file an opposition. For the reasons stated below, the court recommends that plaintiff's motion be granted.

## I. Relevant Background

Plaintiff David Robinson filed this lawsuit against defendants Nadeem Akhtar Anjum and Defendant Shazia Anjum (collectively "defendants"), the owners of the real property located at 720 Florida Street in Vallejo, California ("Property") where the business Solano Tires and Wheels operates ("Business" or "Solano Tires and Wheels"), for violating the Americans with Disabilities Act and the Unruh Civil Rights Act. Plaintiff filed suit on March 12, 2024. ECF

No. 1. After initially failing to appear, defendants appeared and stated their intent to defend after plaintiff moved for default judgment, and default judgment was accordingly denied. ECF Nos. 11, 14. A schedule was set for the case. ECF No. 18.

On February 19, 2026, plaintiff filed a motion for summary judgment. ECF Nos. 21, 22. Pursuant to Local Rule 230(c), defendants were required to file an opposition or notice of non-opposition within 14 days of the motion being filed. Defendants did not file an opposition or statement of non-opposition. The undersigned issued an Order to Show Cause on March 11, 2026, ordering defendants to oppose the motion or state in writing why their failure to respond should not be construed as a statement of non-opposition. ECF No. 23. Defendants did not respond. The undersigned addressed the motion for summary judgment on the merits, without the benefit of defendants' position and recommended the motion be granted. ECF No. 24. Defendants did not object to the recommendation. On May 22, 2026, the District Judge adopted the undersigned's recommendations and granted summary judgment in favor of plaintiff. ECF No. 25. Judgment in the amount of $8,000, along with injunctive relief, was awarded to plaintiff. ECF No. 25.

## II. Motion

Plaintiff seeks an order granting him attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d), Eastern District of California Local Rule 293, Section 505 of the Americans with Disabilities Act (42 U.S.C. § 12205), California Civil Code § 52(a), and California Code of Civil Procedure § 1021.5, on the ground that he is the prevailing party in this case. ECF No. 27 at 1-2. The motion was served on defendants (ECF No. 27-5), but defendants did not oppose the motion. Defendants have not participated in this case since January 30, 2025. ECF No. 10. Accordingly, the undersigned proceeds with the motion on the merits.

## III. Analysis

A. <u>Legal Standard</u>

The ADA provides that the court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. A prevailing ADA plaintiff "should ordinarily recover an attorney's fee unless special

circumstances would render such an award unjust." Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002) (citation omitted). Section 12205 of the ADA provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002).

B. Fee and Cost Calculation

Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium). The hourly rate is generally calculated "according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). It is also the general rule that the court will use the rates of attorneys practicing in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests attorney fees at an hourly rate of $400 for 18.30 hours of work, totaling $7,320.00. ECF No. 20-1 at 5-74. Plaintiff's counsel submitted an itemized billing statement (ECF No. 27-3) and a supporting declaration (ECF No. 27-2). The undersigned finds the rate and hours billed reasonable. There are no extenuating circumstances that make such an award unjust. Plaintiff also seeks $980.50 in costs and litigation expenses. Id. The costs include expenses for the court filing fee, costs of service, and costs pre-filing investigation, which are compensable pursuant to 42 U.S.C. § 12205 and Lovell, 303 F.3d at 1058. ECF No. 27-2 at 2. Plaintiff's request for costs in the amount of $980.50 litigation costs and expenses is appropriate. Accordingly, the undersigned recommends that plaintiff be awarded a total of $8,300.50 ($7,320.00 + $ $980.50 = $3,506.50) in attorney's fees and costs.

## IV. Conclusion

For the reasons explained above, it is hereby RECOMMENDED THAT plaintiff's motion at ECF No. 27 be GRANTED and plaintiff be awarded $8,300.50 in attorney's fees and costs.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 18, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE